UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**DIANE JOSEPH, individually
and as surviving spouse of
GERALD O. JOSEPH, deceased,**

     **Plaintiff,**

**v.**                                **Case No. 3:04-cv-181-J-20-MMH**

**ZURICH LIFE INSURANCE
COMPANY OF AMERICA,
a foreign corporation,**

     **Defendant.**

                             /

## ORDER

Before the Court is Defendant's Motion for Summary Judgment (Doc. No. 19, filed on November 30, 2004) on Plaintiff's Complaint for the death benefit under a term life insurance policy issued by Defendant to Gerald Joseph and on Counts I and III of its Counterclaim for declaratory relief and rescission based on Mr. Joseph's material misrepresentations/omissions he made on the application concerning his medical history. Plaintiff, Mr. Joseph's widow, filed a Response to the summary judgment motion (Doc. No. 25, filed on December 16, 2004). The parties have filed various depositions and declarations. Oral argument was heard on April 13, 2005.

### I. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the Court, by reference to

materials on file that there are no genuine issues of material fact that should be decided at trial.

Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the nonmovant, Key West Harbor v. City of Key West, 987 F.2d 723, 726 (11th Cir. 1993), and resolve all reasonable doubts in that party's favor. Spence v. Zimmerman, 873 F.2d 256, 257 (11th Cir. 1989). It must be emphasized that the mere existence of some alleged factual dispute will not defeat an otherwise properly supported summary judgement motion. Rather, "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

## II. Discussion

Plaintiff, Diane L. Joseph and her husband, Gerald O. Joseph, now deceased, applied to Defendant, Zurich Life Insurance Company, for life insurance. The application process began with a telephone call between Mr. Joseph and Susan Edenhauser, a Zurich employee, on January 30, 2001 for a policy in the amount of $100,000. After the telephone interview, the application was sent to Mr. Joseph to review and sign. On February 24, 2001, the application process was followed up with a paramedic who was sent by Zurich to visit the Josephs at their home for a medical examination. Mr. Joseph signed the application on February 24, 2001, and it was forwarded to Zurich. The application was subsequently amended on March 16, 2001, raising the amount to $200,000. The amendment asserts that the "representations made in the application are

2

still valid as of the date of this amendment."

Although the Court recognizes apparent disputed facts concerning whether Mr. Joseph verbally notified Susan Edenhauser on the telephone and the paramedic in person about his stroke, the Court finds that such verbal representations are not <u>material</u> issues of fact in dispute that would preclude summary judgment for the reasons set forth below. Instead, the material question of fact is the representations of Mr. Joseph's medical history that are made in the written application which was signed by Mr. Joseph originally on February 24, 2001 and again in the amendment on March 16, 2001.

The written application that Mr. Joseph signed responds "yes" to Question number 2: "within the past 10 years, has any person to be covered had or been diagnosed or treated by a member of the medical profession for: high blood pressure, stroke, heart [etc.] . . . ." The application requests the applicant to provide details if the answer is "yes" by stating at the top:

> "for any 'yes' answers, please provide complete details in the Remarks section that
> follows. If the information is medical in nature, include diagnosis, treatment, and
> medications, date of occurrence, duration, and current status, all names, addresses, and
> phone numbers of doctors, hospitals, and medical facilities."

Mr. Joseph provided details for Question number 2 in the Remarks section, but only as to his high blood pressure. The fact that he had had a stroke less than two years before - and all of the medical information surrounding the stroke - were obviously known to Mr. Joseph, but were completely omitted on the signed application.

In addition, Mr. Joseph answered "yes" to Question number 3: "within the past 5 years, has any person to be covered . . . been hospitalized; had any tests or blood studies ordered; consulted, been examined, or been treated by a member of the medical profession?" Again, Mr. Joseph responded with details focused on his high blood pressure, but completely omitted any information about the facts that

3

he had suffered a stroke in November 1999; had been hospitalized for the stroke resulting in paralysis and weakness in the left side; was thereafter hospitalized in a rehabilitative hospital where he received physical, occupational, and speech therapy; had required the use of a quad cane and wheelchair; and thereafter received follow-up care for complications from his stroke in January 2000. All of these facts, which Mr. Joseph was fully aware of, occurred not long before the effective date of the policy in April 2001. Also, all of these facts pertaining to his stroke are pertinent to his medical history.

Florida Statute § 627.409 provides that:

(1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and is not a warranty. A misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:

(a) The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer.

(b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

\*          \*          \*

Because facts concerning Mr. Joseph's stroke and medical history affect the insurer's assessment of risk, such omissions are material as a matter of law. Mims v. Old Like Life Insurance Co., 46 Supp. 2d 1251, 1261 (M.D. Fla. 1999). "An insurer may establish the materiality of a misrepresentation through an affidavit of the underwriter." National Union Fire Ins. Co. v. Sahlen, 999 F.2d 1532, 1536 (11th Cir. 1993). The Declaration of Lynn Patterson, Zurich's Chief Underwriter, affirmatively asserts that "Zurich would not have issued the Policy as applied for if it had known of the Decedent's history of these conditions and hospitalizations." Zurich's underwriter also affirms that the

4

"Decedent's withholding of this information from Zurich precluded Zurich from properly assessing the risk that it was asked to assume." Even though Plaintiff's expert witness was deposed and testified about insurance policies and insurance law in general, this Court granted the Defendant's Motion in Limine and struck the expert's testimony because it did not pertain to Zurich's underwriting practice and policy and did not address whether Zurich's assessment of the risk was affected by Mr. Joseph's omission, nor whether Zurich would have insured Mr. Joseph at the same rate. Therefore, as in <u>Mims</u>, Plaintiff here has provided no admissible contradictory evidence that directly rebuts the underwriter's Declaration that Mr. Joseph's past medical history and treatment for a stroke are material and that the failure to disclose the medical history would have caused Zurich to decline to accept the risk or decline to issue the policy on the same terms, or would have affected its assessment of risk. In <u>Mims</u>, the insurer was granted summary judgment and permitted to rescind the policy. Also, as stated in <u>Sahlen</u>, with the underwriter's uncontradicted testimony, no further showing is required to void the policy. <u>Id.</u> at 1536.

The Court finds that any conversations and information Mr. Joseph might have shared with Zurich's nurse or paramedic about his stroke is inconsequential in light of the clause in the written application above his signature, which states:

"I/We . . . represent that the statements and <u>answers made in all parts of this</u>

<u>application</u> are true <u>and complete</u> to the best of my knowledge and belief. I agree that:

1. All such statements and answers shall be the basis for any insurance that may be

issued . . . ."

Mr. Joseph had ample opportunity to review and revise both the initial written application and the amendment before signing either and sending them to the insurer.

Finally, this Court finds distinguishable the case of <u>Griffin v. American General Life and</u>

Accident Ins. Co., 752 So.2d 621 (Fla. 2d DCA 2000), relied upon by Plaintiff here. In Griffin, the insurer's agent was the one who completed the portions of the application that contained the misrepresentations without any assistance from the insured, and the agent forged the insured's signature on the application; also, the insured's health materially worsened between the time of the life insurance application and the delivery of the policy. Therefore, in Griffin, the court found that there remained three genuine questions of material fact concerning (a) whether the insured made misrepresentations that were material to the risk assumed by the insurer; (b) whether the misrepresentations were made by the insured or by the agent; and (c) whether the misrepresentations can be imputed to the insurer if the agent is responsible for the incorrect information regarding the change in the insured's health. Here, there is uncontradicted evidence that Mr. Joseph - not the agent - signed the application right below the clause representing that his application was complete, and there is un-rebutted evidence that Zurich would not have issued the policy as applied for if it had known of Mr. Joseph's stroke history, and that such non-disclosure precluded Zurich from properly assessing the risk that it was asked to assume.

Also distinguishable, is the only case that Griffin relies upon in stating that the insured's misrepresentation "normally" constitutes a disputed issue of fact regardless of how obviously material the representation may be. See Griffin 752 So.2d at 624, citing Anderson v. Armor Insurance Co., 674 So.2d 174 (Fla. 2d DCA 1996). In Anderson, the insurer's agent assisted the insured in both interpreting and completing an automobile liability insurance application, and the court found it inconclusive whether the insured had made a material misrepresentation by omitting her resident brother, who had serious past driving convictions and who was now seeking insurance coverage. The question of fact arose from the insured's testimony that she had misunderstood the insurer's agent who was helping her to complete the application, and thought she was asked for the number of drivers in her

6

household (rather than the number of members of her household).   The <u>Anderson</u> case is also

distinguishable in that the automobile insurance application did not seem to involve a clause next to the

insured's signature that represented that the application was true and complete, as we have before the

Court in this case.

In sum, although rescinding the policy might seem harsh, based on the written life insurance

policy application signed by Mr. Joseph and the controlling case law, the Court has no choice but to

find that there are no genuine issues of material fact to preclude summary judgment.  Therefore,

Defendant's Motion for Summary Judgment (Doc. No. 19, filed on November 30, 2004) on

Plaintiff's Complaint for the death benefit under a term life insurance policy issued by Defendant

to Gerald Joseph and on Counts I and III of its Counterclaim for declaratory relief and rescission

is **GRANTED**.   Accordingly, the Clerk is directed to enter judgment in favor of Defendant,

Zurich Life Insurance Company.

**DONE AND ENTERED** at Jacksonville, Florida, this _2 o ꞇ_ day of April, 2005.


HARVEY E. SCHLESINGER
United States District Judge



Copies to:

Robert M. Harris, Esq.
Jay S. Blumenkopf, Esq.

7